## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                          BKY No.:  09-50779

Dennis E. Hecker,                                                                              Chapter 7

                        Debtor.

_____
                                        Adv. Case No.:  10-5004

Randall L. Seaver, Trustee,

                        Plaintiff,

vs.

Christi M. Rowan,

                        Defendant.

_____

## EXPEDITED NOTICE OF HEARING AND
## MOTION FOR AID IN EXECUTION OF JUDGMENT

1.      Randall L. Seaver, the duly-appointed Chapter 7 Trustee in the above-referenced bankruptcy case ("**Trustee**"), moves the Court for the relief requested below and gives notice of hearing.

2.      The Court will hold a hearing on this motion at 10:00 a.m. on April 19, 2010, Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415 or as soon thereafter as counsel can be heard.

3.      As this Motion is brought on an <u>expedited basis</u>, any response to this Motion must be filed and served by delivery as soon as possible and suggestion is made that a response should be filed at least twenty-four (24) hours prior to the hearing.  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure, and Local Rules 1070-1 and 1073-1.  This is a core proceeding.  This case was commenced as a voluntary Chapter 7 proceeding on June 4, 2009.  The case is now pending before this Court.

5.      This Motion arises under Bankruptcy Rule 7064.  The Trustee seeks the assistance of the Court in enforcing the judgment entered in this matter on February 23, 2010 (the "**Judgment**").  A copy of the Judgment, ordering, among other things, turnover of North Ridge personal property is attached hereto as Exhibit A.  To date, Rowan has turned over the fur coat and Chanel jewelry.

6.      The Trustee seeks to obtain for auction the personal property located within 1615 North Ridge Drive, Medina, MN 55337 ("**North Ridge**").

7.      For months, Debtor Dennis E. Hecker has been attempting to negotiate a purchase of the Trustee's interest in the personal property at North Ridge.  An agreement was never consummated.

8.      Pursuant to a settlement concluded earlier this year, title to North Ridge was transferred to Ralph Thomas by way of a quitclaim deed.  That deed does not appear to have ever been recorded.  However, to the extent that he has an interest in North Ridge, Mr. Thomas consents to the Trustee's entry.  See, Exhibit B hereto.

10.     Since the commencement of this case, the inhabitants of North Ridge are believed to have been Christi Rowan and her two minor children and the Debtor and, at times, his minor children.

11.     Upon information and belief, an employee of the Debtor, James Gustafson, may be residing at North Ridge.

12.     The Trustee has requested that Christi Rowan consent to access for the purpose of obtaining the personal property.  While appearing willing to cooperate with the Trustee, Ms. Roan has never allowed the Trustee to access the home and her criminal attorney is inhibiting communication.  Examples of correspondence are attached hereto as Exhibit C.  Janet Newberg is Ms. Rowan's counsel for criminal matters.

13.     The Trustee does not believe that he can access North Ridge without the assistance of the U.S. Marshal Service and that office has agreed to be of assistance with an appropriate Order of this Court.  The Medina Police Department has refused to be of assistance to the Trustee.

14.     The North Ridge home contains the Debtor's furniture from his former home in Scottsdale, a pool table, many flat panel televisions and substantial other personal property which is property of the estate.

15.     Expedited relief is necessary as, if substantial notice was given, it is highly likely that assets would be removed or otherwise secreted.

**WHEREFORE**, the Trustee requests that the Court grant his request for expedited relief, on limited notice, and grants the motion herein, so that the judgment may be enforced.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.


/e/ Matthew R. Burton

Dated: April 15, 2010            By_____
                                     Matthew R. Burton, #210018
                                     Attorneys for Randall L. Seaver, Trustee
                                     100 South Fifth Street, Suite 2500
                                     Minneapolis, Minnesota  55402-1234
                                     (612) 332-1030

419425

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

                    Debtor.              BKY 09-50779
------------------------------------
Randall L. Seaver, Trustee,              ADV 10-5004

                    Plaintiff,

v.                                       <u>JUDGMENT</u>

Christi M. Rowan,

                    Defendant.
_____

     This proceeding came before the court, and a decision or order for judgment was

duly rendered, the Honorable Robert J. Kressel, United States Bankruptcy Judge, presiding.

     It is therefore Ordered and Adjudged:

1.    The plaintiff shall recover from the defendant the sum of $425,000.00.

2.    The defendant shall turn over to the plaintiff:

    a.    Furnishings and personal property at Northridge (excluding the

        piano) including, but not limited to, televisions, pool table, tanning

        bed, and furniture;

    b.    $60,000 fur coat;

    c.    $15,000 Chanel watch and ring; and,

    d.    $30,000 Harrison dog.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 02/23/2010
Lori Vosejpka, Clerk, by LMH



EXHIBIT

A

tabbies

3.     a.     The personal property in Northridge acquired from and after June 4, 2008 is property of this bankruptcy estate;

         b.     That any equity in aforementioned Range Rovers is property of the bankruptcy estate;

         c.     The refund of the Whitney Deposit is property of the estate (if still held by the landlord); and,

         d.     Any personal or real property in the name of defendant which was acquired with funding of the debtor is property of the estate.

4.     a.     The defendant is enjoined from disposing, transferring, encumbering, secreting or destroying the Harrison dog, Chanel ring and watch, fur coat and other property;

         b.     The defendant is directed to turn over the Harrison dog, Chanel ring and watch, fur coat and other property to the plaintiff; and,

         c.     The defendant shall immediately disclose all property of the debtor in her custody or control, provide all information about the debtor's financial affairs in her possession or control, and to allow the trustee access to such property and information.

Dated: February 23, 2010                        Lori A. Vosejpka
At:     Duluth, Minnesota              Clerk of Bankruptcy Court

                                               /e/ Lynn M. Hennen

By:          _____

                                               Lynn M. Hennen
                                               Deputy Clerk

LEONARD
STREET
AND
DEINARD

150 SOUTH FIFTH STREET SUITE 2300
MINNEAPOLIS, MINNESOTA 55402
612-335-1500 MAIN
612-335-1657 FAX

March 31, 2010

James C. Brand
612-335-1773
james.brand@leonard.com

**By E-mail to mburton@losgs.com**

Matthew R. Burton, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402

Re:    Access to North Ridge property

Dear Mr. Burton:

My firm represents Ralph Thomas. I am writing in response to your e-mail inquiries regarding whether Mr. Thomas will allow Mr. Seaver, as trustee in the bankruptcy of Dennis Hecker, to gain access to the North Ridge property to take possession of certain personal property. As I stated on the phone, in view of the fact that a question has been raised as to the source of the funds for the purchase of the real property, Mr. Thomas cannot at this time take a position as to whether he owns the real property, but he does not assert any interest in the personal property at North Ridge and he has no objection to Mr. Seaver gaining access to the real property. As you know, the bankruptcy court authorized the trustee to execute a trustee's deed "to the debtor or his designee" with respect to North Ridge, and a trustee's deed for the property was sent to Mr. Thomas. A copy of the court order and the trustee's deed are attached. If you need further clarification, please let me know.

Sincerely,

LEONARD, STREET AND DEINARD

James C. Brand

Attachments
cc:    Douglas R. Peterson, Esq.
       Mark E. Jacobson, Esq.



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    BKY No.: 09-50779

Dennis E. Hecker,                                              Chapter 7

            Debtor.

## ORDER

This case is before the court on the motion of Randall L. Seaver, the trustee seeking

approval of a settlement agreement.

Based on the motion and the file,

It is ordered:

1.     The trustee's settlement agreement with Christi Rowan, Ralph Thomas and the debtor is approved.

2.     Pursuant to the settlement agreement, the trustee is authorized to execute a trustee's

deed to the debtor or his designee with respect to 1615 Northridge Drive, Medina, MN 55391. The

trustee may also transfer the 1985 Kawai baby grand piano to the debtor.

Dated:  January 27, 2010

                                          /e/ Robert J. Kressel
                                          Robert J. Kressel
                                          United States Bankruptcy Judge

414472

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 01/27/2010
Lori Vosejpka, Clerk, by LMH

## TRUSTEE'S DEED

Dated: _____, 2010

State deed tax due $_____

FOR VALUABLE CONSIDERATION, Randall L. Seaver, Grantor, the Trustee of the bankruptcy estate of Dennis E. Hecker, Bankruptcy Case No. 09-50779, which case is now pending, hereby conveys and quitclaims to Ralph Thomas, Grantee, real property in Hennepin County, Minnesota, together with all hereditaments and appurtenances belonging thereto, described as follows:

Lot 15, Block 3, North Ridge Farm, Hennepin County, Minnesota

The Grantor certifies that he does not know of any wells on the above-described real estate.

The consideration paid for this deed is $_____.

_____
Randall L. Seaver - Trustee

STATE OF MINNESOTA     )
                       DAKOTA   ) ss.
COUNTY OF RAMSEY       )

The foregoing instrument was acknowledged before me this 3rd day of February , 2010, by Randall L. Seaver, as Trustee of the bankruptcy estate of Dennis E. Hecker, Bankruptcy Case No. 09-50779.

_____
Notary Public

KARI L. FOGARTY
Notary Public - Minnesota
My Commission Expires Jan. 31, 2015

Statements for real estate taxes and the
property described above should be sent to:

Ralph Thomas

_____  _____

_____  _____

This Instrument was Drafted by;
Matthew Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
(612) 332-1030

416261

2

**From:**      "janet@newberglawoffice.com" <janet@newberglawoffice.com>
**To:**        <MBurton@losgs.com>
**Date:**      4/13/2010 3:18 PM
**Subject:**   Re: Rowan

Matt - Once again, I've instructed Ms. Rowan to assert her Fifth Amendment rights if you or the bankruptcy trustee ask her any questions or attempt to engage in any conversation with her. She is actively pursuing the services of a bankruptcy attorney to assist her in this matter. Additionally, I don't understand how you can distinguish which of the possessions in the Northridge home were acquired by Ms. Rowan or her ex-husband prior to June of 2008 without engaging in a discussion with Ms. Rowan.


Janet A. Newberg
Newberg Law Office
4707 Highway 61, #223
White Bear Lake, MN 55110
Tel. 651.653.4587
Fax 612.395.9134
Cell 612.810.6776
janet@newberglawoffice.com

PRIVILEGE AND CONFIDENTIALITY NOTICE - This message and any attachments may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or authorized to receive for the recipient, you are notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments.

-----Original Message-----
From: "Matthew Burton" [MBurton@losgs.com]
Date: 04/12/2010 09:03 AM
To: janet@newberglawoffice.com
Subject: Re: Rowan

Will Ms. Rowan allow access to the North Ridge home so that the Trustee may enforce his judgment? We are not interested in her personal things that she brought to the home nor the kids' items.

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN 55402

(612) 332-1030 (wk)
(612) 332-2740 (fx)



EXHIBIT

C

**From:**     Matthew Burton
**To:**       christimrowan@yahoo.com
**CC:**       janet@newberglawoffice.com
**Date:**     4/13/2010 1:13 PM
**Subject:**  Hecker

Ms. Rowan

It is not clear to me whether I can contact you regarding the judgment in the bankruptcy case. It appears to me that I may because, as to that matter, you are unrepresented. However, I am including Ms. Newberg in this e-mail.

Before the Trustee obtained his judgment against you, Mr. Hecker was negotiating to keep the personal property that was in the North Ridge home. He has never consummated any deal. The Trustee does not want to wait any longer to enforce the judgment.

In your voicemail, it appears to me that you believe that we are only interested in older items located in the garage. That is not the case. We are interested in removing from the home all items which have value at auction. From that, we would exclude your personal items which predate your move to North Ridge and the kids' items.

I am preparing to file a motion which would allow for our entry, with or without consent, to enforce the judgment. My strong preference would be to achieve our goal without going to court. However, I am not confident that you understand the breadth of our interest.

I would like to propose that Fred Radde and I visit the home by the end of the week and tag items to be removed the following Monday or Tuesday. We would tag and photograph the items. You would allow the movers to remove the items. You can be present when we tag the items and we can discuss how to handle disagreements. However, keep in mind that the court's order is quite broad.

Finally, the court's order also directs you to turn items over and to otherwise dispose of or secrete them. Any activities in that regard could lead to contempt.

I need a response ASAP.

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN 55402

(612) 332-1030 (wk)
(612) 332-2740 (fx)

| | |
|---|---|
| **From:** | "janet@newberglawoffice.com" <janet@newberglawoffice.com> |
| **To:** | <MBurton@losgs.com> |
| **Date:** | 4/12/2010 11:43 AM |
| **Subject:** | Re: Rowan |

Matt - I do not represent Christi Rowan in connection with the bankruptcy proceeding.  I understand thatl Ms. Rowan intends to assert her Fifth Amendment privilege and refuse to answer any questions from or engage in any discussion with the bankruptcy trustee or his attorney.   I understand that Ms. Rowan may be in the process of identifying an attorney who can assist her in regard to the bankruptcy proceedings.  I will let you know if she does identify such an attorney and you may then deal with him or her.


Janet A. Newberg
Newberg Law Office
4707 Highway 61, #223
White Bear Lake, MN  55110
Tel.  651.653.4587
Fax   612.395.9134
Cell  612.810.6776
janet@newberglawoffice.com

PRIVILEGE AND CONFIDENTIALITY NOTICE - This message and any attachments may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or authorized to receive for the recipient, you are notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments.

-----Original Message-----
From: "Matthew Burton" [MBurton@losgs.com]
Date: 04/12/2010 09:03 AM
To: janet@newberglawoffice.com
Subject: Re: Rowan

Will Ms. Rowan allow access to the North Ridge home so that the Trustee may enforce his judgment? We are not interested in her personal things that she brought to the home nor the kids' items.

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN  55402

(612) 332-1030 (wk)
(612) 332-2740 (fx)

**From:**      Matthew Burton
**To:**        janet@newberglawoffice.com
**Date:**      4/12/2010 9:02 AM
**Subject:**   Rowan

Will Ms. Rowan allow access to the North Ridge home so that the Trustee may enforce his judgment?
We are not interested in her personal things that she brought to the home nor the kids' items.

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN  55402

(612) 332-1030 (wk)
(612) 332-2740 (fx)

**From:**      Stephanie Wood
**To:**      christimrowan@yahoo.com
**Date:**      4/5/2010 10:40 AM
**Subject:**      Hecker

To clarify Matt's e-mail from 4/1, the Trustee desires to obtain the personal property in the home that would have value at auction (tvs, furniture, etc.). The Trustee is not interested in taking any of the personal property that belongs to you (and can prove the same). He is also interested in the personal property that came from AZ. I believe you stated you had a list of the items that came from AZ.

Stephanie Wood
Legal Assistant
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402
Phone: 612-332-1030
Fax: 612-332-2740

**From:** Matthew Burton
**To:** janet@newberglawoffice.com
**Date:** 4/1/2010 2:42 PM
**Subject:** Re: Hecker
**Attachments:** judgment.pdf

The request does involve Ms. Rowan due to the judgment that is attached. She has been directed by court order to turn over property located within Northridge to the Trustee. I am just trying to find out if she will do so voluntarily or whether we have to take it a step further. I am guessing the latter. She is currently the subject of a contempt motion (which I just continued). I had indicated to her that we would agree not to pursue the earlier contempt (e-mails, etc.). However, this would be a new matter that we will pursue. Matt

>>> "janet@newberglawoffice.com" <janet@newberglawoffice.com> 4/1/2010 2:27 PM >>>
Matt - As we have discussed, I represent Christi Rowan only in connection with the federal criminal investigation. I have advised her not to speak with you or anyone else involved in the bankruptcy proceedings or the criminal investigation. Your request seems better directed to Denny Hecker. Although I understand that Mr. Hecker is not currently represented in connection with the bankruptcy proceedings, I have relayed your request to John Kempe, Mr. Hecker's family law attorney. Mr. Kempe has agreed as a courtesy to pass your request along to Mr. Hecker when he next sees him.


Janet A. Newberg
Newberg Law Office
4707 Highway 61, #223
White Bear Lake, MN 55110
Tel. 651.653.4587
Fax 612.395.9134
Cell 612.810.6776
janet@newberglawoffice.com

PRIVILEGE AND CONFIDENTIALITY NOTICE - This message and any attachments may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or authorized to receive for the recipient, you are notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments.

-----Original Message-----
From: "Matthew Burton" [MBurton@losgs.com]
Date: 04/01/2010 08:38 AM
To: christimrowan@mac.com, janet@newberglawoffice.com
Subject: Re: Hecker

Mr. Hecker had attempted to structure a "deal" with the Trustee whereby he would acquire the estate's interest in the personal property at North Ridge. That did not occur. We would like to obtain the auctionable personal property in the near term. Can you please advise me if you would consent to the Trustee's access for this purpose. We are not interested in children's items or their furniture. The items would be items which would have value at auction. Please advise today.

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500

Minneapolis, MN  55402

(612) 332-1030 (wk)
(612) 332-2740 (fx)

**From:**    Matthew Burton
**To:**       janet@newberglawoffice.com
**Date:**    4/1/2010 11:50 AM
**Subject:**  Re: Hecker

No as to Hecker lawyers as I do not believe that I need to do so. You have to narrow down your second question as, over the course of this case, I have had conversations with just about all of the parties that you have mentioned in some form or another. Matt

>>> "janet@newberglawoffice.com" <janet@newberglawoffice.com> 4/1/2010 11:46 AM >>>
Have you forwarded this request to attorneys for Denny Hecker? Also, have you discussed the bankruptcy proceedings or my client, Christi Rowan, with anyone from the U.S. Attorney's Office, the FBI, the BCA or the IRS?

Thank you.

Janet A. Newberg
Newberg Law Office
4707 Highway 61, #223
White Bear Lake, MN  55110
Tel.  651.653.4587
Fax   612.395.9134
Cell  612.810.6776
janet@newberglawoffice.com

PRIVILEGE AND CONFIDENTIALITY NOTICE - This message and any attachments may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or authorized to receive for the recipient, you are notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments.

-----Original Message-----
From: "Matthew Burton" [MBurton@losgs.com]
Date: 04/01/2010 08:38 AM
To: christimrowan@mac.com, janet@newberglawoffice.com
Subject: Re: Hecker

Mr. Hecker had attempted to structure a "deal" with the Trustee whereby he would acquire the estate's interest in the personal property at North Ridge. That did not occur. We would like to obtain the auctionable personal property in the near term. Can you please advise me if you would consent to the Trustee's access for this purpose. We are not interested in children's items or their furniture. The items would be items which would have value at auction. Please advise today.

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 S. 5th St., Ste. 2500
Minneapolis, MN  55402

(612) 332-1030 (wk)
(612) 332-2740 (fx)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

            Debtor.

Randall L. Seaver, Trustee,

            Plaintiff,

vs.

Christi M. Rowan,

            Defendant.

BKY No.:  09-50779

Chapter 7

Adv. Case No.:  10-5004

## MEMORANDUM IN SUPPORT OF TRUSTEE'S EXPEDITED
## MOTION FOR AID IN EXECUTION OF JUDGMENT

The Trustee needs the assistance of the Court to acquire the assets that were the subject of the Judgment in this matter.  There is significant personal property located within the Debtor's North Ridge home.

Bankruptcy Rule 7064, incorporating Rule 64 of the Federal Rules of Civil Procedure to this matter, provides for the application of state law with respect to this Court's ability to aid the Trustee with execution of the Judgment.

Minn. Stat. §575.05 provides in relevant part that, "The judge may order any of the judgment debtor's property in the hands of the judgment debtor or of any other person, or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment."  The statute (§575.05) is designed to enable the judgment creditor to reach all non-exempt property or equitable interests of its debtor.  *Ginsberg v. Davis*, 191 Minn. 12, 15, 252

N.W. 669 (1934). The statute empowers the Court to order the application of the judgment debtor's property, of whatever nature, to the satisfaction of the judgment, "and to make any other orders proper and necessary to enforce such application." *Towne v. Campbell*, 35 Minn. 231, 232, 28 N.W. 254 (1886). The remedy provided by the statute is in the nature of an equitable execution. *Wilkins v. Corey*, 172 Minn. 102, 214 N.W. 776 (1927).

In addition to the state statute, this Court has its powers under 11 U.S.C. §105 to assist the Trustee in enforcing the Judgment.

The Trustee genuinely believes that any Order allowing entry to obtain the personal property will be for naught if the Court does not include a provision that the U.S. Marshal may assist the Trustee. That office is ready and willing to assist the Trustee, but requires specific language in the Order. The proposed order submitted herewith contains wording acceptable to the Office of the U.S. Marshal Service.

Expedited relief is requested under Local Rule 9006-1(e) as time would assist the Debtor and Christi Rowan should they wish to relocate property to avoid the Trustee's collection efforts.

## CONCLUSION

The Trustee requests that the Court grant his request for expedited relief, on limited notice, and grants the motion herein, so that the judgment may be enforced.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

/e/ Matthew R. Burton

Dated: April 15, 2010          By_____

    Matthew R. Burton, #210018
    Attorneys for Randall L. Seaver, Trustee
    100 South Fifth Street, Suite 2500
    Minneapolis, Minnesota 55402-1234
    (612) 332-1030

419456

_____

In re:                                                          BKY No.:  09-50779

Dennis E. Hecker,                                                    Chapter 7

                              Debtor.

_____
                                                            Adv. Case No.:  10-5004

Randall L. Seaver, Trustee,

                              Plaintiff,

vs.

Christi M. Rowan,

                              Defendant.

_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2010, I caused the following documents:

> ***Expedited Notice of Hearing and Motion for Aid in Execution of Judgment,
> Memorandum of Law and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be
delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice
pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail,
postage paid, to the following:

Christi M. Rowan
1615 Northridge Drive
Medina, MN 55391

Janet A. Newberg
Newberg Law Office
4707 Highway 61, #223
White Bear Lake, MN 55110

Dennis E. Hecker
1615 Northridge Drive
Medina, MN 55391

William Skolnick, Esq.
Skolnick & Shiff, P.A.
2100 Rand Tower
527 Marquette Avenue S.
Minneapolis, MN  55402

Charles Lundberg, Esq.
Bassford Remele
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707


Dated:  April 15, 2010

/e/  Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402
(612) 332-1030

420216

2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                              BKY No.:  09-50779

Dennis E. Hecker,                                            Chapter 7

                    Debtor.

_____
                                                    Adv. Case No.:  10-5004

Randall L. Seaver, Trustee,

                    Plaintiff,

vs.

Christi M. Rowan,

                    Defendant.

_____

## ORDER

    This matter came before this court on the motion of plaintiff Randall L. Seaver, trustee, for aid in execution of the judgment entered in this matter.

    Upon the motion of the plaintiff, and the documents of record herein, and the court being fully advised in the premises, and based upon the findings of fact and conclusions of law made on the record:

    IT IS HEREBY ORDERED:

    1.      The trustee's request for expedited relief is granted;

    2.      Randall L. Seaver, his attorneys and agents are authorized to enter the premises of 1615 North Ridge Drive, Medina, MN 55337 during daylight hours to enforce this court's Judgment dated February 23, 2010.  The U.S. Marshal is authorized and directed to take all necessary actions, including but not limited to the use of reasonable force, to enable Randall L. Seaver, his attorneys

and agents to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles and any structures located thereon, for the purpose stated in this order, and to arrest or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this order, and the Judgment dated February 23, 2010.

Dated: _____

_____
United States Bankruptcy Judge

419452